ADAM D. WHEELOCK, Assignee, etc., Respondent, *v.* HENRY M. LEE, Appellant.

The right of a borrower to recover the excessive interest upon a usurious loan is assignable, and upon execution of an assignment in bankruptcy by the borrower vests in the assignee.

This remedy existed prior to its affirmance by the statute of usury (1 R. S., 772, § 3), and it was not the intent of that statute to confine it to the borrower alone.

This right to recover the usurious excess does not accrue until after the loan, with legal interest, has been paid.

An assignee in bankruptcy, however, cannot maintain an action to compel a lender to deliver up collaterals turned out by the bankrupt to secure an usurious loan or to have an obligation given by him therefor declared void without paying or offering to pay the sum loaned. He is not a "borrower" within the meaning of the statute (chap. 430, Laws of 1837), authorizing a borrower to file his bill for relief without payment or deposit of the sum loaned; that word designates only the party bound by the original contract to pay the loan.

(Argued February 7, 1876; decided February 22, 1876.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff as assignee in bankruptcy of the firm of Tremain & Bro., to recover moneys alleged to have been paid by his assignors to defendant in excess of legal interest on various loans; to have a promissory note made by the bankrupt firm and delivered to defendant upon an alleged usurious loan, surrendered up and canceled, and to compel defendant to deliver up certain promissory notes, alleged to have been transferred to him by said firm as collateral security for certain usurious loans. Plaintiff asked for an injunction restraining defendant from disposing of the collaterals or from proceeding to collect them.

The court found the making of various usurious loans by defendant, as alleged, and the taking of excessive interest thereon; that defendant had in his hand the securities claimed to have been turned out as collaterals, and that they were so received by him, and that he held the note of the firm for one of the loans; the amount paid upon the loans, aside from the interest, does not appear. The court found, as conclusions of law, that plaintiff was entitled to the relief sought, and judgment was entered accordingly. Further facts appear in the opinion.

*Geo. W. Van Slyck* for the appellant. The right to sue for the excess of interest paid did not pass to plaintiff as assignee by virtue of the assignment in bankruptcy. (*Post* v. *Bk. of Utica*, 1 Hill, 391, 407; *Vilas* v. *Jones*, 1 N. Y.,

280; 2 Edm. Stat., 503, § 7, art. 1, title 6, part 3; *Draper* v. *Trescott,* 29 Barb., 407; *Bellard* v. *Raynor,* 30 N. Y., 197; *Boughton* v. *Smith,* 26 Barb., 635; 22 Vt., 536; *De Wolfe* v. *Johnson,* 10 Wheat., 367, 393; *Reading* v. *Weston,* 7 Conn., 413.) This right is not assignable. (30 N. Y., 197; *Sands* v. *Church,* 6 id., 347; *Q. and M. R. R. Co.* v. *Kasson,* 37 id., 224; *Chamberlain* v. *Dempsey,* 36 id., 148, 319, 326; *Mech. Bk.* v. *Edwards,* 1 Barb., 271; 2 id., 345; 7 Hill, 391.) No recovery could be had until a tender and demand had been made. (*Potter* v. *Cogswell,* 4 N. B. R., 19; *In re Griffiths,* 3 id., 179; *Brownley Assn.* v. *Smith,* 5 id., 152; 1 N. Y., 274; *Schermerhorn* v. *Talman,* 14 id., 93, 127; *Rexford* v. *Widger,* 2 id., 131; *Allerton* v. *Belden,* 49 id., 373; *Boughton* v. *Smith,* 26 Barb., 635; *Cook* v. *Whipple,* 55 N. Y., 150; 7 Hill, 391; *Minturn* v. *F. L. and T. Co.,* 3 N. Y., 500; *In re Prescott,* 9 N. B. R., 386; *Boughton* v. *Bruce,* 20 Wend., 234; 10 Bosw., 206; 4 Den., 51.)

*B. E. Valentine* for the respondent. The causes of action alleged in the complaint were assignable and passed to plaintiff. (*Meech* v. *Stoner,* 19 N. Y., 26; *Wheelock* v. *Lee,* 15 Abb. Pr. [N. S.], 24.) No tender or demand was necessary. (5 Ed. R. S., 73, § 8; *Schroeppel* v. *Corning,* 5 Den., 236.)

Andrews, J. The assignee in bankruptcy, by virtue of section 14 of the bankrupt act (14 U. S. Stat. at L., 522), upon the execution of the assignment becomes vested with the title to the property and estate of the bankrupt, including debts due to him, his choses in action and rights in action for property and estate, or on contract; and the section declares that the assignee shall have the like right to sue for and recover the same as the bankrupt might or could have had if the assignment had not been made. The plaintiff, in June, 1873, was appointed assignee in bankruptcy of the firm of Tremain & Bro., and this action is brought by the plaintiff, as assignee, for the purpose, in part, to recover excess of interest alleged to have been paid, within a year before the commence-

ment of the action by the bankrupts, to the defendant on usu-
rious loans made by the defendant to them. It is claimed by the
defendant that the right of the borrower to recover back usurious
interest paid by him is strictly a personal right, and did not
pass by the assignment to the plaintiff. Interest paid by the
borrower to the lender beyond the lawful rate is received by
the latter without right, and in violation of the statute. It
is regarded as having been exacted from the borrower by
duress, and the payment is not voluntary, so as to bring the
transaction within the principle which precludes a recovery
back of money voluntarily paid. The borrower never parted
with his title to the money which he seeks to recover. It
belonged to him after the payment as before, and the lender
wrongfully deprived him of it. The law allows him to main-
tain the action to reclaim the money, not as a penalty against
the usurer, but because the usurer never acquired any
title to it. The right of the borrower to recover the excess-
ive interest paid on a usurious loan is expressly affirmed by
our statute of usury. (1 R. S., 772, § 3.) But this statute
did not give the remedy. It existed before upon the princi-
ples of the common law. (Doug., 697, notes; *Briggs* v.
*Thompson*, 20 J. R., 292; *Palen* v. *Johnson*, 50 N. Y.,
49.)

In *Palen* v. *Johnson* it was conceded that the principal, if
not the only change made by our statute, was to limit the
time within which the borrower could bring the action. The
cause of action in favor of the borrower is founded upon the
unlawful possession by the lender of the borrower's money.
The claim has relation to his property, and it is entirely
unlike a strictly personal injury where the cause of action
does not survive, and is not assignable. The language of the
bankrupt act is broad enough to vest in the assignee a right
of action of this character, and our statute was not intended
to confine this remedy to the borrower alone, and to exclude
those who stood, in respect to the claim, in privity with him.
The statute authorizes a recovery to be had by the person
who paid the unlawful excess, or his " personal representa-

tives," and, in view of the pre-existing law, assignees must be regarded as included.

In *Bosanquett* v. *Dashwood* (Cas. Temp. Talbot, 38) a bill was filed by the assignee of a bankrupt against the executor of the lender to compel the defendant to account to the plaintiff for sums in excess of lawful interest paid by the assignor to the defendant's testator on loans made by the latter, and the master of the rolls decreed that the defendant should account, and his decree was affirmed. (See, also, *Dey* v. *Dunham*, 2 J. Ch., 181; *Palmer* v. *Lord*, 6 id., 95.) These cases, we think, sustain the right of the assignee in this case to bring the action to recover the excess of interest unlawfully exacted by the defendant from the assignors.

But the right to recover the usurious excess does not accrue until after the loan with legal interest has been repaid. (Doug., 697; *Briggs* v. *Thompson*, *supra*; see remarks of PAIGE, J., 2 Seld., 113.) In this case several distinct loans were made by the defendant, on which excessive interest was taken. Whether any of them have been fully repaid does not distinctly appear, but we cannot say, upon the case as presented, that a recovery to some extent was not justified. We are, however, of opinion that the judgment must be reversed on another ground.

The plaintiff, in addition to the claim to recover the usurious interest paid by his assignor, set out in his complaint that the defendant held certain notes of third persons which Tremain & Bro. had turned out to him as collateral security for the usurious loans specified in the complaint, and also the note of the bankrupt firm for $1,200, given for one of the loans; and he asked, as part of his relief in the action, for judgment that the defendant be directed to deliver the collateral notes to the plaintiff, and that the note of the bankrupt be declared void, and be delivered up to be canceled; and he prayed for an injunction meanwhile restraining the defendant from disposing of the notes, or from proceeding to collect them. The plaintiff neither in his complaint nor on the trial tendered or offered to pay the balance due on the loans,

although it clearly appeared that the money loaned by the defendant to Tremain & Bro. exceeded the amount he had received, including the excessive interest. The relief which the plaintiff sought in respect to the surrender and cancellation of the notes held by the defendant could, prior to the Code, only have been obtained in chancery, and until the statute of 1830, as modified by the act of 1837, it would only have been granted on the condition that the money loaned should be repaid. That statute gave to the borrower a new remedy, and allowed him to file his bill for relief without paying or offering to pay the sum loaned, and declared that the court should not require or compel the payment or deposit of the sum loaned, or any part thereof, as a condition of granting relief. The courts, in construing the fourth section, have given a strict meaning to the word borrower, and have held that it designates only the party who is bound by the original contract to pay the loan. (*Post* v. *The Bank of Utica*, 7 Hill, 391; *Vilas* v. *Jones*, 1 Comst., 274; *Rexford* v. *Widger*, 2 id., 131; *Schermerhorn* v. *Tallman*, 4 Kern., 94; *Allerton* v. *Belden*, 49 N. Y., 373.)

Under this construction, the purchasers from the borrower and his assignee are held not to be borrowers within the section. The case of *Schermerhorn* v. *Tallman* is a strong illustration of the strict construction placed on this section. There the original borrower, who had incumbered his property with usurious liens, was declared a bankrupt, and his property vested in the assignee in bankruptcy. Afterwards he reacquired title by purchase from the assignee, and, on a bill filed by him to cancel the usurious liens, it was held that he was not a borrower so as to be entitled to relief without paying the amount actually loaned with interest, but stood in the position or upon the right of a purchaser simply of the property covered by the usurious lien. Selden, J., said: " It is by virtue of the title acquired at the sale alone that he comes into court, and the circumstance that he is the same person who was once entitled to relief as a borrower is a mere accident which cannot affect his rights. He can claim

the same relief to which the assignee in bankruptcy or any other purchaser under him would be entitled. If he asks equity, therefore, he must do what equity requires."

The plaintiff here is not within these decisions a borrower. He is an assignee by operation of law, and was bound to pay the sum loaned as a condition to the granting of equitable relief in respect to the securities held by the defendant. We are not called upon to consider what his position would have been if he had brought trover or replevin to recover the value or possession of the notes. The action is not of that character. The court refused to find that the loan was not fully paid. The fact was clearly established, and the refusal to find a material fact proved, and as to which there was no conflict of evidence, was error, and the judgment must, for that reason, be reversed. This renders it unnecessary to consider the other questions in the case.

Judgment reversed and new trial granted.

All concur.

Judgment reversed.