WILLIAM S. WRIGHT, APPELLANT, *v.* GEORGE B. CLAPP, RESPONDENT.

*Usury law — a general assignee is not a borrower within the meaning of it — 1837, chap.* 430.

A general assignee of an insolvent debtor is not a borrower, within the meaning of the usury law (1837, chap. 430), and cannot maintain an action to procure the cancellation of usurious notes or securities given by the assignor, without paying or offering to pay the sums actually loaned.

The right so to do cannot be conferred upon the assignee by any provision inserted in the assignment.

APPEAL from a judgment, entered on an order of the Special Term in Erie county, sustaining a demurrer to the complaint.

*A. K. Potter*, for the appellant.

*H. C. Day*, for the respondent.

SMITH, P. J.:

The complaint alleges that Alpheus Reynolds executed to the plaintiff an assignment of all the property of Reynolds in trust for the benefit of his creditors, including certain real estate upon which Reynolds and his wife had previously executed to the defendant a mortgage as collateral to certain promissory notes also executed by Reynolds to the defendant. The complaint alleges that the notes and mortgage are usurious. The notes are described in the assignment, and it is therein declared that they are believed by the assignor to be void for usury, and if so, no part of the assigned property shall be applied to their payment, but if not void for usury they shall be paid out of said property, so far as the same is sufficient for the purpose. The relief asked is that the notes and mortgage be adjudged void for usury, and that the property held by the plaintiff in trust be declared not subject to any lien or trust in favor of defendant. The Special Term held that the plaintiff was not a borrower within the meaning of the act of 1837, and that as he had not paid or offered to pay the sum loaned, he was not entitled to relief.

We think the decision of the Special Term should be affirmed. It has been held frequently that the term "borrower," as used in the statute (chap. 430, Laws 1837), designates only the party bound by the original contract to pay the loan. (*Wheelock* v. *Lee*, 64 N. Y., 242, and cases there cited by ANDREWS, J.) In *Wheelock* v. *Lee* (*supra*), it was held that the word "borrower" does not include an assignee of the debtor in bankruptcy. In *Schermerhorn* v. *Talman* (4 Kern., 94), the original borrower, who had incumbered his property with usurious liens, was declared a bankrupt, and his property vested in the assignee in bankruptcy. Afterwards he purchased the property of the assignee, and on a bill filed by him to cancel the usurious liens, it was held that he was to be regarded as a purchaser merely and not as a borrower. The present plaintiff is not bound by the original contract to pay the debt, and therefore is not to be treated as a borrower.

The case is not altered by the peculiar provisions of the assignment in respect to paying the defendant's debt. The parties to the assignment could not alter the statute or annul its effect by stipulations of their own. Notwithstanding those provisions the plain-

tiff is not a borrower, an 1 not being such, he cannot avoid the securities without restoring the money loaned.

The judgment and order should be affirmed, with costs.

HARDIN, J., concurred; HAIGHT, J., not sitting.

- So ordered.