### GLUCK *v.* RIDGEWOOD ICE CO.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

PUBLIC WHARVES—DANGEROUS PREMISES—LIABILITY OF LESSEE.

The lessee and occupant of a public pier in the city of New York, who is required by the terms of the lease to keep the pier in repair, is liable for the death of a stranger by reason of a hole which had been permitted to exist in the pier for a long period of time.

Appeal from circuit court, New York county.

Action by Montz Gluck, as administrator of Henry Gluck, against the Ridgewood Ice Company, to recover for the death of his intestate, a boy of the age of six years, who was drowned by falling through a hole in a pier on the East river, in the city of New York, leased by defendant from the city of New York. By the terms of the lease, defendant was bound to keep and maintain the pier in good and sufficient repair and condition. There was a verdict for plaintiff for $2,000. From the judgment entered thereon defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Morris & Whitehouse*, (*S. D. Morris*, of counsel,) for appellant. *Charles Steckler*, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by reason of the falling of one H. Gluck through a pier leased and occupied by the defendant. It was claimed upon the part of the plaintiff, upon the trial, that there had been left a hole in the pier, through which the deceased fell. The defendant, upon this appeal, claimed that no recovery should have been had against it, because it owed no duty to the deceased; and, *secondly*, because he did not fall through the pier, but fell over the string-piece of the pier into the river.

It would be, undoubtedly, true, were the pier in question to be considered as the private property of the defendant, no recovery could be had, because the deceased was not upon the pier at the invitation or request of the defendant. But it seems to be reasonably well settled that a public pier in the city of New York is a part and parcel of its public streets, and that the defendant has not the right to the exclusive use thereof, but that the public have also the right to enter upon such pier, in the same manner as they have a right to enter upon and pass over the public streets of the city. A large number of cases has been cited by the counsel for the appellant tending to show that the owner of land owes no duty to a person who comes upon it without his permission, and who is thereby a trespasser. But in the case at bar the deceased was not a trespasser in coming upon this pier, because, as already stated, it is part and parcel of the public street. He was entitled to pass over the same, and to assume that it was in such condition that he could safely do so. If, therefore, this accident happened in the manner in which it was claimed upon the part of the plaintiff, namely, because of a hole existing in

this pier which remained there for a long period of time, and which the defendant, the lessee of the pier, had failed to render safe, a recovery could certainly be had.

The only other point raised upon this appeal is as to the weight of evidence. It is claimed upon the part of the defendant that the hole in question was so small that it was not possible for the deceased to have fallen through it, but that the accident actually happened because he was running upon the string-piece of the pier, and slipped and fell over into the water. The conflict of testimony between the witnesses upon the part of the plaintiff and the defendant upon this point is undoubtedly exceedingly sharp; but there was evidence tending directly to establish the fact that the deceased did so fall through this hole, and thereby met his death. Two of the witnesses upon the part of the plaintiff swore that they saw him go through the hole; and they were in a position from which they could certainly determine whether he went through the hole, or over the string-piece. Another witness swore that, although he did not see him go through the hole, he did not go over the string-piece; and another, that, after he had fallen into the water, he saw him going out from under the dock, being carried by the tide, which could not have been the case had he fallen over the string-piece. Various witnesses were examined upon the part of the defendant for the purpose of showing that the boy was running along the string-piece, and slipped and fell. This conflict of testimony left the issue for the jury to determine, and with their finding this court cannot interfere. It is also to be borne in mind that the testimony showed that a large number of people were sitting upon this string-piece at various points. It is somewhat difficult to see how, in view of this fact, the boy could have been running along the string-piece when he met with the accident by which he lost his life. If the jury had found this question of fact in favor of the defendant, we could not have disturbed their finding, but there was evidence by which they might find that the deceased met his death by falling through this hole; and, if he did, then the allowing of such a hole to remain in this pier was a negligent act on the part of the defendant, for which it was liable. The judgment and order appealed from should be affirmed, with costs. All concur.