McARDLE *v.* SMITH.

*(City Court of New York, General Term.* October 24, 1892.)

1. APPEAL—REVIEW—ERRORS OF LAW.
   Where no order is entered denying a motion for a new trial on the judge's minutes, only errors of law committed at the trial are reviewable on appeal.

2. SAME—HARMLESS ERROR.
   In an action for the loss of plaintiff's horses and wagon, occasioned by defendant's failure to furnish plaintiff's driver a safe place to unload, a witness, who had testified that he did not remember whether there was any stone or guard rail or anchor at the top of the dump to prevent wagons rolling off, was asked whether he saw any there afterwards, and defendant objected that it was immaterial. *Held,* that the admission of an affirmative answer was harmless error, as the question did not purport to show an alteration made or precaution taken after an accident, but whether the witness had seen afterwards the things he was not sure he had seen before the accident. VAN WYCK, J., dissenting.

Appeal from trial term.

Action by Bridget McArdle against James A. Smith for negligently causing the loss of plaintiff's horses and wagon. Judgment entered on a verdict for plaintiff. Defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*R. W. Horner,* for appellant. *W. P. & R. K. Prentice,* for respondent.

EHRLICH, C. J. No order was entered denying the motion for a new trial on the judge's minutes, and the appeal brings up for review only such errors of law as were committed at the trial. *Railway Co.* v. *Ebling,* 100 N. Y. 98, 2 N. E. Rep. 878; Code, § 1346; *Boos* v. *Insurance Co.,* 64 N. Y. 242. The defendant was under an obligation to furnish the driver of the plaintiff a safe place to unload his wagon. *Pantzar* v. *Mining Co.,* 99 N. Y. 368, 2 N. E. Rep. 24; *Booth* v. *Railroad Co.,* 73 N. Y. 38; *Newall* v. *Bartlett,* 114 N. Y. 399, 21 N. E. Rep. 990; *Gluck* v. *Ice Co.,* (Sup.) 9 N. Y. Supp. 254, affirmed 125 N. Y. 728, 26 N. E. Rep. 757; *Ouderkirk* v. *Bank,* 119 N. Y. 263, 23 N. E. Rep. 875.

The questions of duty—negligence and contributory negligence—were all of them carefully submitted to the jury, who, upon satisfactory evidence, found a verdict in favor of the plaintiff for $400, which is moderate in amount, and ought to be affirmed.

The motion for a nonsuit was properly denied, and the exception to the refusal is unavailing.

The only exception worthy of attention is at folio 29 of the case, on the ruling admitting the evidence of Officer Kaiser. He had testified "that he did not remark whether there was any stone or guard rail or anchor at the-

top of the dump to prevent wagons from rolling off," and was asked whether he saw any there afterwards. He answered this question in an unobjectionable manner; that is to say, in a manner not prejudicial to the defendant. The question did not purport to show any change in the condition after the accident, but only whether the officer had seen afterwards the things he was not sure he had seen before the accident occurred. True, the officer went on, and afterwards testified to objectionable matter, but no specific objection to the evidence was then made, nor was any motion urged to strike the objectionable answer out. The objection that evidence tending to prove that alterations have been made or precautions taken after an accident is incompetent—*Schmitt* v. *Railroad Co.*, 2 City Ct. R. 361, *Getty* v. *Town of Hamlin*, (N. Y. App.) 27 N. E. Rep. 399—is, at most, purely technical; and ought to have been made so clear that the trial judge might have understood the legal proposition before him before he was put in error. It can scarcely be claimed that the objection urged at folio 29 intelligently apprised the trial judge of the point now urged so clearly against the admission of the testimony allowed. The objection was not to the competency of the evidence, but its materiality only. *Bell* v. *Bumstead*, (Sup.) 14 N. Y. Supp. 697. In addition to this, the absence of all guards to prevent the falling in of wagons was such a clear breach of duty by defendant, or his agents in charge of the dumping ground, that common prudence would dictate that, if no guards were there before, they should have been put there afterwards. We think the evidence did not prejudice the defendant in the minds of the jurors, and that the so-called error was harmless in its effect. For these reasons we think the judgment ought to be affirmed, with costs.

McCarthy, J., concurs.

Van Wyck, J., (*dissenting*.) The complaint alleges that the plaintiff's damage for the loss overboard of her horses and wagon was occasioned because the defendant "did not provide guards or any protection" on the embankment or dump for wagons, and her witness Dunn was questioned, and answered as follows: "*Question.* Was there a guard there for the wagons? *Answer.* No guard at all for the long wagons." Her other witness, the policeman, speaking as of time prior to the accident, testified, at folio 29: "I did not remark whether there was any stone or guard rail or anchor at the top of the dump to prevent wagons from falling off. *Question.* Did you see any there afterwards? (Defendant's counsel objects as irrelevant and immaterial. Objection overruled. Exception.) *Answer.* Well, after they had got the stones built up, the stones just as soon as they would be thrown from the wagons would go to the very edge of the dump, and several stones may remain there. There was no block or bar or anchor at the top of the dump to prevent the wagons from rolling off, until after this accident. I saw one after the accident." The court of appeals in *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151, 15 N. E. Rep. 309, says that the admission of evidence of this character is error; and Judge Earl, there writing, quotes from the opinion of the *Salters Case*, 3 Hun, 341, as follows: "Whether the defendants were negligent was a question to be decided upon the facts as they existed at the time of the injury. What the defendants did afterwards was immaterial, unless their acts could be construed as equivalent to their declaration that they were negligent at the time of the injury. But the question appears to be settled by authority, and not open for discussion in this court." And continuing he says: "While such evidence has no legitimate bearing upon the defendants' negligence or knowledge, its natural tendency is undoubtedly to prejudice and influence the minds of the jury. Hence in this court, and generally in the supreme court, it has been held erroneous to receive such evidence." The judgment appealed from should be reversed, and new trial granted, with costs to appellant to abide the event.