GEORGE GRAHAM RICE, Respondent, v. JACOB SCHNECK, Appellant.

First Department, December 19, 1919.

Bankruptcy — usury — suit by receiver to recover securities deposited as collateral for usurious loan — failure of plaintiff to tender payment — privilege under section 377 of General Business Law not available to receiver in bankruptcy.

Where the defendant in an action to recover certain securities alleged to have been advanced to secure the payment of a usurious loan sets out in his answer the execution by the plaintiff of a general release under seal and the plaintiff by reply alleges that he has been duly adjudicated a bankrupt and a receiver of his effects has been appointed, which receiver has brought the action in the name of the bankrupt pursuant to an order of the Federal court, and that the release mentioned in the defendant's answer was executed after the commencement of the proceeding in bankruptcy and the plaintiff makes no offer to repay the loan, the defendant is entitled to judgment on the pleadings. This, because the receiver is not given the same immunity which section 377 of the General Business Law gives to a borrower by authorizing him to bring an action to recover securities without a tender of the amount lawfully due.

Section 70, subdivision a, clause 3, of the Bankruptcy Act, giving to a trustee the powers which the bankrupt might have exercised for his own benefit, but not those which he might have exercised for some other person, does not include said right of the bankrupt under section 377 of the General Business Law.

The receiver appointed in the bankruptcy of the plaintiff has no greater power to institute an action without a tender of the debt due than the trustee in bankruptcy would have had.

APPEAL by the defendant, Jacob Schneck, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York

on the 30th day of July, 1919, denying defendant's motion for judgment on the pleadings, consisting of a complaint, answer and reply.

*William C. Robeson*, for the appellant.

*Raymond C. Hoff* of counsel [*Harry W. McChesney* with him on the brief; *Hovell, McChesney & Clarkson*, attorneys], for the respondent.

SMITH, J.:

This action appears to have been commenced by George Graham Rice against the defendant Schneck to recover certain securities which had been advanced to Schneck to secure the payment of what is claimed in the complaint as a usurious loan. An answer was served to that complaint. In that answer it is alleged that prior to the commencement of the action and subsequent to the latest date mentioned and described in the complaint, the plaintiff duly executed a general release under seal to the defendant. To that answer a reply was served. From that reply it appears that upon the 25th day of October, 1919, a proceeding was commenced in the United States District Court for the Southern District of New York by the filing of an involuntary petition in bankruptcy against George Graham Rice, and that on or about the 4th day of February, 1918, an order was duly made and entered by which George Graham Rice was duly adjudicated a bankrupt and on or about the said 4th day of February, 1919, John B. Johnston was duly appointed receiver in bankruptcy of all the property, assets and effects of said George Graham Rice, and thereafter duly qualified and entered upon the discharge of his duties. It is further alleged that this action is brought by John B. Johnston as receiver in bankruptcy of said George Graham Rice, in the name of the plaintiff, the bankrupt, pursuant to an order made and entered in the United States District Court for the Southern District of New York, and that the release mentioned in the defendant's answer was executed subsequent to the time when such proceeding was commenced in the Southern District of New York, in which George Graham Rice was adjudicated a bankrupt, and that such release has no force or effect. The complaint does not offer to pay to the

defendant, the lender, the amount which was borrowed, together with lawful interest upon the same. It is contended by the plaintiff, however, that this receiver in bankruptcy is authorized to bring this action and vested with the same powers and the same immunity that are given to the borrower himself, under section 377 of the General Business Law, which gives *to the borrower* the right to bring an action to recover such securities without a tender of the amount lawfully due. Reference is made to clause 3 of subdivision a of section 70 of the Bankruptcy Act (30 U. S. Stat. at Large, 565, 566), which gives to the trustee in bankruptcy the property of the bankrupt, and under clause 3 of subdivision a is specified " powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person." It seems to me clear that the powers therein referred to are powers which might be exercised under a deed or a will, as, for instance, authorizing a party to rent property for his own benefit, or to sell property for his own benefit. In my judgment it would be going far afield of the intention of the lawmakers to stretch this provision of the statute to include this immunity given to the borrower by section 377 of the General Business Law, to bring an action to recover the securities without a tender of the amount of the debt. In fact, it has been held by the Circuit Court of Appeals, in this very circuit, that such immunity did not pass to the trustee in bankruptcy. (See *Matter of Fishel,* 198 Fed. Rep. 464; 117 C. C. A. 224.) It has been held by our Court of Appeals under the Bankruptcy Act of 1867 (14 U. S. Stat. at Large, 522, § 14), that this immunity did not pass to an assignee in bankruptcy (See *Wheelock* v. *Lee,* 64 N. Y. 242), and by the General Term that it did not pass to an assignee for the benefit of creditors (*Wright* v. *Clapp,* 28 Hun, 7).

It cannot be claimed that this receiver may maintain this action in behalf of the judgment debtor, because the judgment debtor has disclaimed the right by giving a general release, and if the trustee in bankruptcy has no power to institute an action without a tender of the amount of the debt due, it would seem to follow that the receiver appointed by the court temporarily to collect the assets of the bankrupt could have no greater power.

It is strenuously insisted that whatever might be the powers of the trustee in bankruptcy, as the successor of the bankrupt, the receiver in bankruptcy has no power to bring such an action. It is not necessary for us here to determine this question if the conclusion reached above be correct, that the trustee himself would not have the power to bring this action without a tender of the debt.

The order should be reversed, with ten dollars costs and disbursements, and the motion of the defendant for judgment on the pleadings granted, with ten dollars costs.

Clarke, P. J., Laughlin, Merrell and Philbin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.