LESLIE R. FORT, as Trustee in Bankruptcy of ISAAC F. ROE, Plaintiff, *v.* 415 CENTRAL PARK WEST CORPORATION and Others, Defendants.

Supreme Court, New York County, February 18, 1928.

Bankruptcy — action by trustee in bankruptcy to cancel and discharge mortgage executed by corporation of which plaintiff's bankrupt was sole stockholder — bonds were delivered to mortgage company for sale and defendants are acting as trustees for holders thereof — complaint is insufficient where it fails to allege that mortgage company did anything which it had no legal right to do — second cause of action charging transaction was usurious, insufficient, since trustee in bankruptcy cannot rescind usurious transaction and recover securities pledged thereunder without paying or offering to pay amount borrowed — third and fourth causes of action insufficient.

The complaint in this action by a trustee in bankruptcy to cancel and discharge a mortgage executed by a corporation, of which plaintiff's bankrupt was president and sole stockholder, does not state a cause of action where it fails to allege that the mortgage company, to which were given the bonds provided for in the mortgage for the purpose of sale, did anything which it had not a legal right to do. Furthermore, an allegation that the mortgage company required the president of the corporation to transfer his stock to it as a condition of excusing certain defaults, is insufficient, in the absence of any averment that said president was not actually in default at the time, and in the absence of anything to show that the mortgage company was not lawfully entitled to require additional security as a condition of continuing the loan and refraining from foreclosing the mortgage.

Allegations as to payment of excessive fees to persons engaged in building a structure on the mortgaged premises did not justify a reconveyance as against defendants not connected therewith.

Allegations of conspiracy on the part of the mortgage company are meaningless, in the absence of anything to show that the purpose of the conspiracy was wrongful.

Allegations that stock pledged by the bankrupt was sold at public auction do not avail plaintiff, since there is no averment that this was done in violation of the rights of the bankrupt or any one else.

A second cause of action, charging the transaction to be usurious, is insufficient, for a trustee in bankruptcy cannot rescind a usurious transaction and recover the securities pledged thereunder without paying or offering to pay the amount

borrowed. The tender of the amount borrowed must be absolute. A claim that there can be no usury where a corporation is the borrower, is erroneous. The third cause of action, dealing with improper construction of a building, and seeking no relief other than money damages, contains no allegation affecting the defendants who are moving to dismiss the complaint and are acting as trustees for bondholders, and as to them it is insufficient.

A fourth cause of action, seeking an accounting from those defendants, as well as the mortgage company, is insufficient, in the absence of any allegation that any of the moneys, of which an accounting is desired, were ever received or disbursed by the defendants.

MOTION by defendants Charles C. Moore and Chatham Phenix National Bank and Trust Company to dismiss complaint.

The plaintiff brought this action as the trustee in bankruptcy of one Isaac F. Roe, to cancel and discharge a certain mortgage for $1,325,000, executed by the defendant 415 Central Park West Corporation to the two defendants who are making this motion, as trustees for the holders of the bonds which were issued and sold under the mortgage. The amended complaint also asks for an accounting for all moneys advanced on the security of the mortgage and for determining how much was advanced. Further relief is asked against the other defendants in the action, but the foregoing demands are the only ones which concern the defendants Charles C. Moore and Chatham Phenix National Bank and Trust Company, the mortgagees in the above-mentioned mortgage.

Prior to June 15, 1925, plaintiff's bankrupt was the owner of the equity in the property on the northwest corner of One Hundred and First street and Central Park West, New York city. Wishing to erect an apartment house on that site, he applied to the defendant American Bond and Mortgage Company, Inc., for a mortgage loan. After negotiations, the mortgage company agreed to make a building loan on the property in the sum of $1,325,000, to be secured by a mortgage at six and one-half per cent. The 415 Central Park West Corporation was then organized, of which Roe was the president and sole stockholder, and the premises were conveyed to it. Thereupon that corporation entered into a brokerage agreement with the mortgage company, covering the usual details of the loan, such as the compensation of the brokers and the payment of attorneys' and engineers' fees in connection with the erection of the apartment house.

On September 15, 1925, the 415 Central Park West Corporation executed and delivered to the defendants Charles C. Moore and Chatham Phenix National Bank and Trust Company a mortgage in the sum of $1,325,000, covering the premises and drawing interest at the rate of six and one-half per cent per annum. At the time of the delivery of the mortgage, the 415 Central Park

West Corporation also executed the bonds which are provided for in the mortgage, for the same amount, and delivered them to the American Bond and Mortgage Company, Inc., for sale. These bonds have been sold to various persons, who now hold them.

*Bertram L. Kraus* [*William Burr Delacy* of counsel], for the plaintiff.

*Ralph C. Taylor*, for the defendants Charles C. Moore and Chatham Phenix National Bank and Trust Company.

FRANKENTHALER, J. The first cause of action contains no allegations that the mortgage company did anything which it had no legal right to do. The agreement between it and the 415 Central Park West Corporation is not made part of the pleading, although it is referred to therein. In the absence of any allegation to that effect it cannot be assumed that any of its acts, now complained of, violated or were unauthorized by the agreement. Paragraph 19th alleges that the mortgage company required Roe to transfer his stock in the 415 Central Park West Corporation to it " as a condition of excusing such defaults," referring to Roe's failure to fulfill the agreement between the parties. There is no averment that Roe was not actually in default at the time, and under the circumstances there is nothing to show that the mortgage company was not lawfully entitled to require additional security as a condition of continuing the loan and refraining from foreclosing the mortgage.

Similar observations may be made with reference to other allegations of the first cause of action. Assuming that the claim that moneys in excess of the fee agreed upon were paid to persons engaged in building the structure may be valid and meritorious as to some of the defendants, it certainly cannot justify the reconveyance of the property as prayed for in paragraph 29th. The first cause of action, therefore, fails to affect the moving defendants. They are in no way linked up with the excessive payments by any of the allegations of the first cause of action and no case for a reconveyance of the *realty* is made out against them or any of the defendants. Allegations of conspiracy, etc., on the part of the mortgage company are meaningless in the absence of any showing that the purpose of the conspiracy was wrongful. The allegations of paragraph 22d, to the effect that the stock pledged by Roe was sold at public auction, do not avail plaintiff since there is no averment that this was done in violation of the rights of Roe or any one else. Moreover, the moving defendants are in nowise concerned with the reconveyance of the *stock* which plaintiff now seeks. As to them, the first cause of action is clearly insufficient.

In the second cause of action plaintiff charges that the transaction was usurious, although the loan was nominally made to the 415 Central Park West Corporation.   The moving defendants argue that there can be no usury where a corporation is the borrower and that the veil of the corporate entity cannot be pierced.   In this they appear to be in error.   (See Editorial, N. Y. L. J; Dec. 19, 1927, entitled " Usury — Use of Corporation as a Cloak for Law Evasion," and Wormser on " The Disregard of the Corporate Fiction and Allied Corporate Problems," 84.)   However, the second cause of action is insufficient for other reasons.   A trustee in bankruptcy cannot rescind a usurious transaction and recover the securities pledged thereunder without paying or offering to pay the lender the amount borrowed.   (*Rice* v. *Schneck,* 189 App. Div. 877; affd., without opinion, 228 N. Y. 561.)

The offer to pay contained in paragraph 42d of the complaint is conditional and not absolute.   Such a tender is invalid and of no effect.   (*Noyes* v. *Wyckoff,* 114 N. Y. 204, 207; *Gould* v. *Cayuga County National Bank,* 86 id. 75, 84.)   Moreover, the condition of the offer, viz., that the title to the realty be transferred to plaintiff, is unwarranted under the allegations of the complaint. For aught that appears, Roe's stock was properly sold at public sale, in which event he and his trustee in bankruptcy would be divested of any rights in the corporation which owned the equity in the property.   The second cause of action is, therefore, insufficient in law.

The third cause of action, dealing with the improper construction of the building, seeks no relief other than money damages.   It contains no allegation affecting the moving defendants, and as to them is obviously insufficient.   The fourth cause of action seeks an accounting from the moving defendants as well as from the mortgage company.   There is no allegation, however, that any moneys of which an accounting is desired were ever received or disbursed by the moving defendants, and, indeed, they are not even mentioned in the fourth cause of action.   It manifestly fails to make out any case against them.   The motion to dismiss is accordingly granted.