OSCAR POWERS, as Trustee in Bankruptcy of ELIAS PUTTERMAN and Another, Individually and as Copartners, Doing Business under the Firm Name and Style of MODERN BRASS NOVELTY COMPANY, Bankrupts, Appellant, Respondent, *v.* FINANCE COMPANY OF AMERICA AT BALTIMORE, Respondent, Appellant.

First Department, January 29, 1932.

*Copal Mintz* of counsel [*Tashof & Keilin*, attorneys], for the plaintiff.

*Milton P. Kupfer* of counsel [*Eli S. Silberfeld* with him on the brief; *Oppenheimer, Haiblum & Kupfer*, attorneys], for the defendant.

McAvoy, J. On August 29, 1928, the bankrupt above named and the defendant entered into a written agreement providing for the assignment by the bankrupt to the defendant of accounts receivable created by the bankrupt's sales to its customers, as security, among other things, for cash advances to be made by the defendant to the bankrupt.

The agreement provided for the payment to the defendant, besides certain compensation for the advances, additional sums for various services agreed to be rendered by the defendant.

The services specified by the agreement were credit information on its customers, auditing of the books of the bankrupt, advice as to methods of keeping its books, records and accounts, paying of the cost of auditing, procuring credit reports and postage, accepting without collection charge all remittances received from the bankrupt drawn on any point in the United States, and, at the bankrupt's request, placing its collection department at the bankrupt's disposal, and collecting any of the assigned accounts without charge to the bankrupt.

The bankrupt forwarded to the defendant various schedules of accounts receivable under this arrangement and on receipt of each schedule the defendant forwarded to the bankrupt its check for the amount of the agreed cash advance thereon. The transactions ran to July 3, 1929.

The remittances by the bankrupt continued up to the time when the petition was filed in August, 1929.

At the close of the plaintiff's case, findings of fact and conclusions of law having been waived, the learned trial justice granted the defendant's motion to dismiss the complaint to the extent of $37,943.22, the amount concededly advanced in cash by the defendant to the bankrupt.

The trial court held, however, that " any benefit obtained [under the agreement] or any money collected thereby, and in this instance amounting to the sum of $1,234.82," except allowances in cash, " was illegally and improperly retained and withheld." The court directed a verdict in favor of the plaintiff for the difference between the cash advances and the repayments amounting to $1,234.82, refusing to allow the defendant even interest at six per cent upon the conceded amount of its cash advances.

Were the plaintiff able to avoid the transaction, he would be required to repay to the defendant the amount of its advances, with legal interest thereon. The record does not show that the defendant has received any more.

The award to plaintiff of the sum of $1,234.82 represented "benefit obtained thereunder or any money collected thereby." The ground for this award, if proper, is excess interest actually paid over the legal rate. Such a claim is governed by the provisions of section 372 of the General Business Law.

" § 372. Recovery of excess. Every person who, for any such loan or forbearance, shall pay or deliver any greater sum or value than is above allowed to be received, and his personal representatives, may recover in an action against the person who shall have taken or received the same, and his personal representatives, the amount of the money so paid or value delivered, above the rate aforesaid, if such action be brought within one year after such payment or delivery   *   *   *."

The complaint and proof are devoid of any showing by the plaintiff of the amount of excess interest paid or the time of payment thereof. The sole remedy for the recovery of excess interest being statutory, in the absence of such a showing there is no basis whatever for any award in the plaintiff's favor.

No proof was adduced at the trial to show how much excess interest, if any, was paid over the legal rate. The figures in the record indicate that not even legal interest was paid. The figure of $1,234.82 awarded to the plaintiff constitutes the difference between the cash advanced and the total repayments made, without taking into consideration the legal interest, to which the defendant would be entitled.

On the plaintiff's appeal, so much of the judgment as dismissed the complaint to the extent of $37,943.22 should be affirmed.

On the defendant's appeal, the judgment in favor of the plaintiff for $1,234.82 should be reversed and the complaint dismissed, with costs of this appeal to the defendant and appropriate costs upon the dismissal of the complaint.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment so far as appealed from by plaintiff affirmed. Judgment appealed from by defendant reversed, with costs to said defendant, and complaint dismissed, with costs.