## In re MILLER.

District Court, S. D. New York.
Dec. 13, 1937.

Harry Loeb Mostow, of New York City, for trustee.

Michael E. Rosenstein, of New York City, for petitioners Helen Carey, Kate Ford, and Mrs. Wm. Ford.

Abraham Grenthal, of New York City, for petitioners Albert J. Devlin, and Edward J. Devlin, Jr.

MANDELBAUM, District Judge.

The referee in bankruptcy has disallowed and expunged the claims of Helen Carey, Katherine Ford, Mrs. William Ford, Edward J. Devlin, Jr., and Albert Devlin. Each of the foregoing claimants have petitioned this court for a review of the referee's ruling on their respective claims.

First, the right of the trustee in bankruptcy to attack these claims on the ground of usury is seriously questioned. It is maintained that he cannot plead usury without first tendering the amount of the loan with legal interest. Generally, this argument has a sound legal basis, supported by authority. So that, it is the law that a trustee in bankruptcy seeking *affirmative relief* to recover, from the bankrupt's creditors, securities which had been deposited to secure payment of a usurious loan, must, as a condition precedent, tender the balance due on the loan before he may obtain the return of the securities. See Rice v. Schneck, 189 App.Div. 877, 179 N.Y.S. 335; Wheelock v. Lee, 64 N.Y. 242; Faber v. Siegel, 158 Misc. 722, 286 N.Y.S. 974; Fort v. 415 Central Park West Corp., 131 Misc. 774, 227 N.Y.S. 351; In re Fishel, 2 Cir., 198 F. 464.

However, all these cases apply to situations where the trustee in bankruptcy is the one who is *attacking on the ground of usury*. The question then presents itself whether a distinction should be made in cases where the trustee in bankruptcy *defends on the ground of usury*. I believe good reason supports such a distinction. A trustee in bankruptcy may rightfully object to a claim on the ground of usury. The defense of usury is as available to him as it is to the bankrupt himself. Gilbert's Collier on Bankruptcy, 4th Ed., p. 79; In re Stern, 8 Cir., 144 F. 956.

By objecting to the claim, the trustee is in the same position as one pleading an affirmative defense to an action at law. To say therefore, that his position is analogous to a trustee seeking to recover possession of, and to cancel and annul the notes as invalid, strains the bounds of clear reasoning. In re Fishel, supra, so heavily relied on by the petitioners, clearly distinguishes between the offensive and the defensive on the issue of usury. At page 467 of 198 F., the court said:

"Although the borrower and his privies can attack usurious agreements, only the borrower can do so free from the condition of paying the amount actually loaned with legal interest. *This is the difference made between defending and attacking on the ground of usury.* The Court of Appeals of New York has strictly confined the privilege of attacking without paying the amount loaned with legal interest to the actual borrower, holding that an assignee in bankruptcy under the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 522) of the borrower is not entitled to it. Wheelock v. Lee, 64 N.Y. 242." (Italics by the court.)

As recently as May 3, 1937, the Circuit Court of Appeals of this circuit, has recognized this distinction. In Re Prince et al., 89 F.2d 681, 684, Judge Augustus N. Hand, writing for the court, said: "In such circumstances the trustee need not repay the amount loaned with interest as a condition of recovering the moneys in custodia legis. While he is not a borrower who, by virtue of section 377 of the New York General Business Law, is empowered to recover without tender (Halsey v. Winant, 258 N.Y. 512, 529, 180 N.E. 253), he requires no equitable relief in order to prevail and under the stipulation, is in the position of one defending against a usurious claim." See, also, Connecticut General Life Ins. Co. v. Benedict et al., 2 Cir., 88 F.2d 436.

It is my ruling therefore that the trustee in bankruptcy properly objected to the claims on the ground of usury, without first tendering the amount of the loan.

.I have carefully read the testimony adduced before the referee as well as the briefs submitted by all the parties. The burden of proof of sustaining the affirmative defense of usury was upon the trustee. I find that the conclusion reached by the referee that the claims of Helen Carey, Katherine Ford, Mrs. William Ford, and Albert Devlin are founded upon a usurious arrangement, is supported by the evidence.

With respect to the claim of Edward Devlin, Jr., I am not in accord with the referee. I feel, from the evidence, that the trustee has failed to sustain the burden of proof imposed upon him by law in proving the Edward Devlin, Jr., claim as being founded on a usurious arrangement with the bankrupt.

The orders of the referee disallowing and expunging the claims of Helen Carey, Katherine Ford, Mrs. William Ford, and Albert Devlin are in all respects confirmed.

The order of the referee, disallowing and expunging the claim of Edward Devlin, Jr., is reversed.