756

NEW YORK CREDIT MEN'S ASSOCIATION, as Trustee in Bankruptcy of LOUIS MILLER, Trading as LOUIS MILLER & Co. and BRIDGEVILLE SHIRT Co., Plaintiff, *v.* MANUFACTURERS DISCOUNT CORPORATION, Defendant.

Supreme Court, Special Term, New York County, November 20, 1945.

*Kupfer, Silberfeld, Nathan & Danziger* for defendant.

*J. Jacob Hahn* for plaintiff.

HOFSTADTER, J. The present action is clearly equitable in nature. The complaint does not merely ask that the pledge of merchandise and accounts receivable with defendant be declared void for usury, as *In Re Prince* (89 F. 2d 681). It asks, in addition, for an accounting of the sums received by defendant on the accounts receivable since the bankruptcy.

It is the settled law of this State that in order to obtain *equitable* relief based on usury the plaintiff must tender back the principal borrowed together with interest at the legal rate. Under the provisions of section 377 of the General Business Law, as interpreted by the New York courts, it is only the borrower who may recover without offering to repay the principal or any interest (*Wheelock. v. Lee,* 64 N. Y. 242; *Powers v. Finance Co. of America,* 234 App. Div. 325, affd. 259 N. Y. 625). This personal privilege of the borrower may not even be availed of by his trustee in bankruptcy or by an assignee by operation of law *(Wheelock v. Lee, supra; Fort v. 415 Central Park West Corporation,* 131 Misc. 774; *Rice v. Schneck,* 189 App. Div. 877, affd. 228 N. Y. 561). Although the court in *Rice v. Schneck (supra)* did use language which indicated that its decision was influenced by the fact that the powers conferred upon a trustee in bankruptcy by the Bankruptcy Act then in existence were not broad enough to include the power to exercise the borrower's privilege under section 377 of the General Business Law, the opinion in *Wheelock v. Lee (supra),* the authority relied upon for the decision, was not predicated upon the powers of the bankruptcy trustee under the bankruptcy statute. Rather, that holding was based upon the proposition that the privilege is personal to the borrower under the New York usury statute and may not be availed of by anyone else,

not even by an assignee by operation of law. True, a 1938 amendment to the Bankruptcy Act (Act, § 70, subd. [a], cl. [6]; U. S. Code, tit. 11, § 110, subd. [a], cl. [6]) expressly conferred upon a trustee in bankruptcy all rights of action arising " upon contracts, or *usury* " (italics supplied). But this amendment could not alter or enlarge the meaning and scope of a statute enacted by the New York Legislature which dispensed with the necessity of tendering payment of principal and legal interest only in the case of a suit by the borrower himself (see *Charness* v. *Katz*, 48 F. Supp. 374, 375). The purpose of the amendment according to the House Judiciary Committee (House Report No. 1409, 75th Cong., 1st Sess., on H. R. 8046) was to set at rest the conflicting decisions as regards the passing to a trustee in bankruptcy the debtor's right of action to recover usurious interest. However, the present action is not one to recover usurious interest.

It follows that the motion to dismiss the complaint must be granted. Decision of the question whether the complaint makes out a case of usury is accordingly academic. It is likewise needless to determine whether a good cause of action on the law side of the court is stated.

Motion granted, with leave to serve an amended complaint within ten days from the service of a copy of this order with notice of entry.