Gardiner, J.
 

 — The agreement of the 26th June 1837, between Corning and Schroeppel, did not amount to a loan, but a contract for a loan. There must be a loan of money to constitute usury; there was, therefore, no loan until the 10th of July 1837, when the money was advanced, and the land conveyed, and, of course, no usury, and no excess, by way of premium for the use of money, over and above the legal rate of interest. To call this transaction an executed contract, is merely to say that a loan, in pursuance of a previous agreement, is executed, in such a sense, that the borrower cannot avoid the contract; this would be, in effect, to repeal the statute against usury.
 

 II. The action is barred by the statute of limitations. The plaintiff contends, that the contract consummated
 
 *108
 
 on the 10th of July 1837, was entire; that the sale of the land, and the other provisions of the agreement, were but a cover to conceal a loan of money, at a rate of interest prohibited by statute. The excess, whether in money or in land, and securities considered as money, by the understanding of the parties, was, so far as it was derived from the bonds and mortgages assigned, received, when the loan was made. They were received as cash, inpayment for the real estate, which was also advanced as cash ; and the excess of price over the cash value of the land, is the usury claimed in this action.
 

 * 1091 *'l-'lie plaintiff is not at liberty to consider this J as a money transaction throughout, in order to make out a usurious loan, and then to call the bonds and mortgages chosesin action, with a view to avoid the statute of limitations, claiming that nothing was
 
 re
 
 ceived, within the meaning of the statute, by the usurer, until the mortgagors paid money upon the securities.
 

 Suppose, A. should advance to B. $1000, at seven per cent-.,and make it a condition of theloan,that the latter should sell to the lender abond'and mortgage, well secured, at a discount of fifty per cent.; the transaction would be usurious. The excess of interest would be equivalent to the discount stipulated, and it would be received, when the mortgage was transferred by the borrower to the lender; the excess would then be paid. ■ In this case, Corning charged, it is claimed, $7500 more than the land was worth, which he imposed upon Sohroeppel; the latter was to pay in bonds and mortgages, which were unquestionably good; and the effect of the arrangement was the same, as if the excess in value of the land had been, at the time, deducted from the bonds and mortgages assigned.
 

 ■ As this was more than six years prior to the commencement of the suit, the statute of limitations is a perfect defence to the action.
 
 [1]
 

 [1]
 

 In the opinion, a majority of the court concurred.