GEORGE MILLER, Appellant, *v.* JOHN W. HANNAN and Others, Respondents.

*Conversion — selling chattels under a chattel mortgage void for usury — demand before suit, unnecessary.*

A sheriff who, pursuant to the direction of the holder of chattel mortgages which are void because of usury, takes the mortgaged chattels from the possession of the mortgagor, is liable as a trespasser, although he had no knowledge of the usury and acted in good faith.

In such a case the mortgagor is not bound to make a demand upon the mortgagee before bringing an action for the conversion of the property.

APPEAL by the plaintiff, George Miller, from a judgment of the Supreme Court in favor of the defendants, entered in the office of

the clerk of the county of Monroe on the 17th day of November, 1896, upon the dismissal of the complaint by direction of the court after a trial at the Monroe Trial Term, and also from an order entered in said clerk's office on the 20th day of September, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

The appeal is taken as against all the defendants, except the Flour City National Bank.

The complaint in this action sets forth that, on the 16th day of July, 1895, the Flour City National Bank recovered judgment in the Municipal Court of the city of Rochester against the plaintiff for the sum of $157.79, which judgment was docketed in the Monroe county clerk's office, and execution was issued thereon to the defendant Hannan as the sheriff of Monroe county, who placed it in the hands of the defendent Frank I. Hawley, his deputy, to be executed; that Hawley, pursuant to the directions of the defendants Sarah J. and Daniel J. Cushman, levied upon some mules, wagons, harness and other articles enumerated in the complaint of the value of $375.50; that the defendants entered into a conspiracy to defraud the plaintiff of the property, and secreted, disposed of and converted the same, and that, in pursuance of said fraudulent scheme, the sheriff returned the execution wholly unsatisfied; that the return was false, fraudulent and collusive; that thereafter, and on the 24th of July, 1895, the plaintiff, as defendant in the action in the Municipal Court, appealed to the County Court of Monroe county, which court, on the 20th of December, 1895, reversed and vacated the said Municipal Court judgment and directed that the same be discharged of record; that thereafter, and before the commencement of this action, the plaintiff demanded of the sheriff and his deputy that they return to him the property aforesaid, which the said defendants refused to do and unlawfully detained it from the plaintiff.

In a second cause of action the plaintiff alleged that he was the owner of the property and in possession thereof, and that the defendants forcibly seized and took from him the said property and unlawfully converted it to their own use.

The defendants (the sheriff and his deputy) answered denying the allegations of the complaint, except that they admitted the issuing of the execution and that it was returned unsatisfied, and set up as a separate defense that the defendant Sarah J. Cushman was the

owner of two chattel mortgages which covered all of the property described in the complaint, and that on the 16th of July, 1895, she was lawfully entitled to take possession of said property under said chattel mortgages, and duly authorized and empowered the said Hannan, as sheriff, to take possession of the same, which he did in conjunction with Hawley and in no other manner.

The Cushmans answered separately, making the same denials and justifying the taking of the property under the chattel mortgages, and alleged that said mortgages were given as security to protect the said Sarah J. Cushman for her indorsements upon two sets of promissory notes for sixty dollars each, which were made by the plaintiff to her order and indorsed by her to the bank; that the last renewal of each set had become due and that the plaintiff had defaulted in the payment thereof before the taking of the property upon the chattel mortgages.

In the action in the Municipal Court the plaintiff, who was there the defendant, set up in his answer that the notes and mortgages were void for usury, and evidence was given upon that subject, but the court directed a verdict for the plaintiff. The judgment upon that verdict was reversed by the County Court upon the ground that it was error to direct a verdict as the question of usury was for the jury, and upon appeal to this court the judgment of the County Court was affirmed (*Flour City Nat. Bank* v. *Miller*, 4 App. Div. 585), but the execution upon the Municipal Court judgment was issued and the property taken upon the mortgages before the reversal by the County Court of the Municipal Court judgment.

This action was commenced on the 16th day of July, 1896, after the decision of the appellate court. No demand was made for the property set forth in the complaint of either of the defendants (the Cushmans). The Cushmans were husband and wife and the husband acted as agent for the wife in the transactions. The sheriff turned over the mortgaged property to the Cushmans, they retaining it.

*Frederick A. Mann,* for the appellant.

*Walter S. Hubbell,* for the respondents.

WARD, J.:

Upon the trial in the court below the plaintiff gave evidence tending to show that the notes and mortgages were void for usury, and the evidence was sufficient to have entitled the plaintiff to have had the question submitted to the jury whether the transactions out of which the notes and mortgages grew were usurious. The evidence was the same, we judge, substantially, as that given in the Municipal Court of Rochester in the action by the Flour City Bank upon the notes. The opinion of the court, pronounced by Mr. Justice ADAMS, in the appeal in that case, reported in 4 Appellate Division, 585, sets forth the facts and evidence as to the defense of usury substantially as they appeared upon the trial of this action, and we will not repeat them here. The charge of conspiracy and fraud as against the defendants was not sustained by the evidence upon the trial of this case. The same may be said of the charge against the sheriff that he had made a false return upon the execution.

The only question raised upon this appeal worthy of consideration is whether the defendants are liable for a conversion of the property in question, which involves the further question whether the evidence as to the validity of the notes and mortgages assailed for usury should have been submitted to the jury. If the plaintiff's contention is right in that regard, the notes and mortgages were void and afforded no justification for taking the property by any of the defendants engaged in the transaction of depriving the plaintiff of that property (*Schroeppel* v. *Corning*, 5 Den. 236 ; S. C., 6 N. Y. 107 ; approved, *Duval* v. *Wellman*, 124 id. 161), nor was it necessary to make a demand upon the Cushmans before the commencement of this action. (See cases just cited.)

The usury taints the whole transaction, and the retention of the property under the cover of these mortgages is a conversion for which all parties to the transaction are liable. It is true that the sheriff and the deputy may be said to have been innocent of any knowledge of the usury and to have acted in good faith, but the sheriff did not justify under the execution, but did attempt to justify under the mortgages, and if the mortgages were void for usury they afforded the sheriff no protection, and he was a trespasser as well as the other defendants who had knowledge of and participated in the

usury. We are not to be understood as saying that these notes and mortgages were usurious ; we only say that that was a question for the jury under the evidence in this case.

The learned counsel for the Cushmans earnestly insists that no usurious agreement was shown as to the second series of notes, and that, therefore, the mortgages were valid and justified the nonsuit. We cannot sustain this contention. The same exorbitant interest or discount was in fact taken upon the second series of notes as upon the first, and was so connected with the first transaction that it was a question for the jury whether they were not made and discounted upon the same usurious arrangement as the first. There was evidence tending in that direction.

We have reached the conclusion that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.