CHARLES F. MULLER et al., as Executors of and Trustees under the Will of THOMAS W. EVANS, Deceased, Respondents, *v.* THE CITY OF PHILADELPHIA et al., Defendants, and ARTHUR E. VALOIS, Individually and as Executor of and Trustee under the Will of THOMAS W. EVANS, Deceased, et al., Respondents, and LOUIS SILVERMAN et al., Appellants.

Usury — assignment of interest in estate as security for usurious loans — payment of sums actually loaned cannot be enforced in equitable action for distribution of estate where no relief is demanded against lenders.

Where beneficiaries under a will assigned their interest as collateral security for usurious loans, payment of the sums actually loaned cannot be enforced in an action brought by the executors for the distribution of the estate although the parties making the loan are parties to the action.   The fact that the parties in interest were involuntarily brought into the action in equity in which they demand no relief as to such loan, cannot impair their legal rights.

*Muller* v. *City of Philadelphia,* 154 App. Div. 930, modified.

(Argued March 28, 1913; decided April 15, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 15, 1913, affirming a judgment entered upon a decision of the court on trial at Special Term, which dismissed certain claims against the estate of Thomas W. Evans, deceased, and directed distribution of said estate.

This is an equitable action for distribution of an estate. An interest in the funds is claimed by reason of certain assignments made by two of the beneficiaries under the will, which assignments are alleged by the representatives of said assignors to be void for usury.   The claimants contend that though the assignments were given as collateral security for usurious loans, the amount actually

loaned should be paid with interest because the present action is in equity.

*David J. Gallert* and *Walter S. Heilborn* for Louis Silverman, appellant. In equity the personal representatives of the borrower can receive relief against usury only after tender of the amount actually received with legal interest. (*Williams* v. *Tilt,* 36 N. Y. 419; *Billington* v. *Wagoner,* 33 N. Y. 31; *Bullard* v. *Raynor,* 30 N. Y. 197; *Kay* v. *Whittaker,* 44 N. Y. 565; *Murray* v. *Judson,* 9 N. Y. 73; *Scott* v. *Nesbit,* 2 Bro. Ch. 642; *Mason* v. *Gardiner,* 4 Bro. Ch. 976; *Pit* v. *Cholmondeley,* 2 Ves. 565; *Fitzroy* v. *Gwillim,* 1 T. R. 153; *Fanning* v. *Dunham,* 5 Johns. Ch. 122; *Rogers* v. *Rathbun,* 1 Johns. Ch. 367; *Tupper* v. *Powell,* 1 Johns. Ch. 439.) The respondents Enos were erroneously awarded equitable relief.against usury in this action without payment of the amount actually loaned. (*Williams* v. *Tilt,* 36 N. Y. 319; *Cole* v. *Reynolds,* 18 N. Y. 74; *Smith* v. *Cross,* 16 Hun, 487; *Hudnit* v. *Nash,* 16 N. J. Eq. 550; *Vanderveer* v. *Holcomb,* 17 N. J. Eq. 87.)

*L. E. Warren* for Jacob Brodie et al., appellants. The court erred in granting affirmative equitable relief against the defendants Luria and Brodie in favor of the representative of the Enos estate, without requiring as a condition precedent to the granting of that relief the payment or tender to the defendants Luria and Brodie the amounts advanced, together with legal interest. (*Scott* v. *Nesbit,* 2 Bro. Ch. 642; *Mason* v. *Gardiner,* 4 Bro. Ch. 976; *Pit* v. *Cholmondeley,* 2 Ves. 565; *Fitzroy* v. *Gwillim,* 1 T. R. 153; *Fanning* v. *Dunham,* 5 Johns. Ch. 122; *Rogers* v. *Rathbun,* 1 Johns. Ch. 367; *Tupper* v. *Powell,* 1 Johns. Ch. 439; *Williams* v. *Fitzhugh,* 37 N. Y. 444; *Alden* v. *Diossy,* 16 Hun, 311; *Vanderveer* v. *Holcomb,* 17 N. J. Eq. 547.) The assignments to the appellants Brodie and Luria were absolute assignments,

and, as absolute assignments, they cannot be declared as usurious. (*Flagg* v. *Fisk*, 93 App. Div. 169; 79 N. Y. 590; *Cutler* v. *Wright*, 22 N. Y. 472; *Meaker* v. *Fiero*, 145 N. Y. 165; *Hall* v. *Eagle Insurance Co.*, 151 App. Div. 815.)

*J. Power Donellan* and *George L. Stamm* for Louis Engel, appellant. There was no usury in the Engel transaction. (*Sieward* v. *Humel*, 91 N. Y. 199; *Etwell* v. *Chamberlan*, 4 Bosw. 320; *Mass* v. *Chatfield*, 90 N. Y. 303; *Sutherland* v. *Woodruff*, 26 Hun, 411; 95 N. Y. 653; *Hall* v. *Ditson*, 55 How. 19; *Meaker* v. *Fiero*, 145 N. Y. 165; *Sweney* v. *Peaslee*, 42 N. Y. S. R. 485.) The assignments were absolute sales and no usury was shown. (*Sieward* v. *Humel*, 91 N. Y. 199; *G. M. L. Ins. Co.* v. *Kashaw*, 66 N. Y. 544.) The court erred in granting affirmative relief against Engel. The failure of the Enos estate to pay or offer to pay to Engel the sum actually paid by Engel for the alleged loans is fatal to the defense of usury on the part of the legal representative of a deceased borrower. (*Vilas* v. *Jones*, 1 N. Y. 274; *Alden* v. *Diossy*, 16 Hun, 311; *Post* v. *Bank of Utica*, 7 Hill, 391; *Bissel* v. *Kellogg*, 65 N. Y. 432; *Beecher* v. *Ackerman*, 1 Abb. [N. S.] 141; *O'Brien* v. *Ferguson*, 37 Hun, 368; *Schermerhorn* v. *Talman*, 14 N. Y. 93; *Wheelock* v. *Lee*, 64 N. Y. 243; *Richards* v. *Ludington*, 60 Hun, 135; *Allerton* v. *Belden*, 49 N. Y. 373.)

*Walcott G. Lane* for plaintiffs, respondents.

*J. Noble Hayes* for Charles H. Enos, as administrator of the estate of Roland Enos, deceased, et al., defendants, respondents. The respondents did not seek affirmative relief in this action against the appellants, and the rule invoked by them that in equity a party coming into court for such relief must do equity by tendering the amount of the loan with lawful interest, has no applica-

tion to the case at bar. (*Schlesinger* v. *Gilhooley*, 189 N. Y. 1; *Claflin* v. *Borman*, 122 N. Y. 385; *Mercantile Trust Co.* v. *Gimbernat*, 134 App. Div. 410; 5 Am. & Eng. Ency. of Law, 30; *Lamb* v. *Camden R. Co.*, 46 N. Y. 271; *Powers* v. *Russell*, 13 Pick. 76; *Bent* v. *Barett*, 124 N. Y. 117; *Goldsmith* v. *M. L. Ins. Co.*, 102 N. Y. 117; *Willett* v. *Rich*, 142 Mass. 356; *Heinemann* v. *Heard*, 62 N. Y. 448; *Derham* v. *Lee*, 87 N. Y. 599.) The conclusions of law upon the findings of fact as to the claim against the Enos estate and the judgment rendered thereon are in accordance with law. (*Wetzler* v. *Wood*, 143 App. Div. 316; *Quackenbush* v. *Thayer*, 62 N. Y. 344; *Scott* v. *Lloyd*, 9 Pet. 18; *Mercantile Trust Co.* v. *Gimbernat*, 134 App. Div. 413; *Rothschild* v. *Roux*, 78 App. Div. 282; *Hagaman* v. *Rinach*, 48 Misc. Rep. 206; *Hall* v. *Eagle Ins. Co.*, 151 App. Div. 815; *Scott* v. *Doyle*, 9 Pet. 425.)

*David C. Myers* and *Joseph H. Kutner* for Marion L. Enos, defendant, respondent. The defendant Charles H. Enos, as administrator, was not seeking affirmative equitable relief, nor was he a complainant in equity, and, therefore, did not have to tender the amount actually advanced. (*Hart* v. *Goldsmith*, 1 Allen [Mass.], 145; *Smith* v. *Robinson*, 10 Allen, 130; *Garrish* v. *Black*, 99 Mass. 315; *Vanderveer* v. *Holcomb*, 17 N. J. Eq. 87; 17 N. J. Eq. 547; 1 Pom. Eq. Juris. [3d ed.] 648; Webb on Usury, 396.) The assignments, being given for loans and jewelry and the items not being separable, are wholly void. (*Williams* v. *Fitzhugh*, 37 N. Y. 444; *Fulton Bank* v. *Benedict*, 1 N. Y. Super. Ct. 480; *Jackson* v. *Packard*, 6 Wend. 415.)

*Charles H. Tuttle* for Evans Museum and Institute Society, defendant, respondent.

CULLEN, Ch. J. Of the nature of this action it is sufficient to say that it was brought by the executors of

Thomas W. Evans against the beneficiaries under his will, his heirs at law and next of kin substantially for a distribution of his estate. The respondents represent the estates of two of such heirs at law and next of kin. The appellants claimed interest in the funds payable to the respondents by virtue of certain assignments made by the respondents' testators. The respondents alleged that such assignments were void because given as security for usurious loans, and so they were held to be by the courts below. The proposition of law contended for on this appeal that though the assignments were given as collateral security for usurious loans, the respondents must pay the amount actually loaned with interest because the present action is in equity is destitute of merit. The respondents seek no equitable relief against the appellants; in fact, no relief at all against them, but merely demand that the plaintiffs in the action pay to them the moneys due from the plaintiffs to the respondents. Under our statute the assignments to the appellants were absolutely void, and had the appellants collected under these assignments any part of the fund belonging to the respondents, the latter could have recovered from them as for a conversion the amounts so collected (*Schroeppel* v. *Corning*, 5 Den. 236; Id. 6 N. Y. 107; *Ramsdell* v. *Morgan*, 16 Wend. 574; *Boughton* v. *Bruse*, 20 id. 234; Tyler on Usury, p. 431 *et seq.*), and the same was the law in England under the Usury statute of Queen Anne. (*Tregoning* v. *Attenborough*, 7 Bing. 97; *Hargreaves* v. *Hutchinson*, 2 Ad. & Ellis, 12.)

Nor would the causes of action of the respondents have been barred by the Statute of Limitations if a conversion be possible in a case of this kind before the collection of the money, for the present action in which they have asserted their rights was pending against all the parties before the statute had run. In each of the cases cited by counsel for the appellants the parties sought equitable relief, and, therefore, they have no application to the

action before us.  The fact that the respondents were involuntarily brought into the action in equity can in no degree impair their legal rights, as they require no equitable relief against any party to the action, either the defendants appellants or the plaintiffs, to recover the money found due.

As to the claim of Engel against the estate of J. Roland Enos we are of opinion that there was no evidence to sustain the allegation of usury.  Mrs. Enos, the only witness for the respondents, testified that her husband applied to Engel for a loan and that the latter required an assignment of a part of the fund in double the amount "as security."  There was not a word said about interest or bonus, and no note or other obligation was given.  The claim of Engel was that he had made a purchase of the interest of Enos in the fund.  On this evidence the issue was merely whether the assignment was an absolute sale or a transfer as collateral security.  That the court discredited the claim of Engel that the transaction was a sale may, if we assume that there could not have been an honest misunderstanding between the parties, stamp Engel as dishonest in seeking to recover the whole amount of the interest assigned to him, but it does not convict him of usury.

The judgment in all respects should be affirmed, with costs against the appellants Silverman, Brodie and Luria in favor of the respondents Charles H. Enos, Jr., executor, etc., of Juliette C. Henderson, and Charles H. Enos, administrator, etc., of J. Roland Enos, and the judgment as between the appellant Louis Engel and respondent Charles H. Enos, administrator, should be reversed, and a new trial granted only of the issue between the said parties, costs to abide event, unless within twenty days said respondent Enos, administrator, stipulates that there may be awarded judgment in favor of the appellant Louis Engel against him, payable out of the fund, for the sum of $1,000, with interest from November

28, 1902, and the further sum of $1,750, with interest from the 26th day of January, 1903; in case the judgment is so modified it is affirmed, without costs to either party.

GRAY, WILLARD BARTLETT, CHASE and CUDDEBACK, JJ., concur; HOGAN, J., absent; MILLER, J., not sitting.

Judgment accordingly.