## MORTGAGE SECURITIES CORPORATION v. LEVY et al.

(Circuit Court of Appeals, Fifth Circuit. January 27, 1926.)

No. 4599.

1. **Usury** ⟐⟱145—Under statute, one willfully and knowingly charging 25 per cent. per annum on principal sum loaned forfeits entire sum, principal and interest, and is guilty of misdemeanor (Rev. Gen. St. Fla. 1920, § 4855).

Under Rev. Gen. St. Fla. 1920, § 4855, one who willfully and knowingly charges or accepts for the loan of money, or forbearing to enforce such loan, a sum equal to 25 per cent. per annum on the principal, forfeits the entire sum, principal and interest, and is guilty of misdemeanor, punishable by fine or imprisonment.

2. **Usury** ⟐⟱95—Borrower, sued in equity on a usurious loan, may set up defense of usury, without paying or offering to pay amount borrowed and interest thereon, and recovery will be defeated.

Where a lender, whose usurious loan is by statute made altogether unenforceable, sues thereon in a court of equity, the borrower may set up usury as a defense, without paying or offering to pay the amount actually borrowed, or legal interest thereon, and a recovery will be entirely defeated.

3. **Usury** ⟐⟱95—Where borrower brings suit in equity for affirmative relief against a usury contract, he must himself do equity by paying amount actually advanced.

Where borrower brings a suit in a court of equity for affirmative relief against a usurious contract, the equitable remedy sought will be granted only on condition that he himself does equity by paying amount actually advanced.

4. **Usury** ⟐⟱95—Fact mortgagors, in answer, asked equitable relief of cancellation of note against subsequent mortgagee, did not defeat defense of usury to claim asserted thereon by such subsequent mortgagee.

In a suit to foreclose a first mortgage, where M. and K., subsequent mortgagees, were made parties defendant, and the suit became one for enforcement of their mortgages, as well as the first, fact that mortgagors included in their answer to plaintiff's bill a prayer that note given by one of them to M. be ordered canceled, which relief was not granted, did not operate to defeat, on the ground that repayment of amount advanced was necessitated by prayer for affirmative relief, the defense of usury set up to claim which was asserted by M. thereon.

5. **Equity** ⟐⟱66—Rule as to doing equity does not go so far that ungranted request for cancellation of note contained in mortgagor's answer in foreclosure suit defeats defense set up by mortgagor to claim asserted in equity on such note.

The rule that one seeking equity must do equity does not go so far as to require that an ungranted request for cancellation of note contained in mortgagor's answer in foreclosure suit be given the effect of defeating a defense set up by mortgagor to claim based on such note, asserted by payee in equity court.

6. **Usury** ⟐⟱117—Evidence held to show that money advanced was part of usurious transaction, and not a separate one.

In a suit to foreclose a mortgage, where subsequent mortgage was attacked as usurious, evidence *held* to show that $1,000 first advanced on such mortgage was a part of the usurious transaction, and not a separate transaction, as contended by mortgagee.

7. **Usury** ⟐⟱55—Mortgagee's contention that mortgage was not usurious, when brokerage services and attorney's fees were deducted, was not available, where no brokerage fee was contracted for by borrower, or broker's services rendered.

In suit to foreclose mortgage, where mortgagor attacked subsequent mortgage as being usurious, subsequent mortgagee's contention that mortgage was not usurious after deducting reasonable fees for brokerage services and attorney's fees was without merit, where no brokerage services in connection with mortgage was contracted for by the borrower, or brokerage services were rendered.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit by Martha Levy for the foreclosure of a mortgage against D. S. Shine, Jr., and wife, the Mortgage Securities Corporation, and W. E. Kay. From a decree ordering surplus remaining from proceeds of mortgaged property to be paid to defendant Kay, the Mortgage Securities Corporation appeals. Decree affirmed.

Wm. T. Stockton and Herman Ulmer, both of Jacksonville, Fla. (Stockton, Ulmer & Murchison, of Jacksonville, Fla., on the brief), for appellant.

Ernest Dart, W. E. Kay, Thomas B. Adams, Reuben Ragland, and L. Kurz, all of Jacksonville, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This suit was brought by the appellee Martha Levy for the foreclosure of a mortgage made to her by D. S. Shine, Jr., and his wife, the parties defendant to the suit being the mortgagors, the appellant, Mortgage Securities Corporation, and W. E. Kay; the bill alleging that appellant and said Kay claimed interests in the mortgaged property under mortgages subsequent in date to the mortgage sought to be foreclosed, the mortgage to appellant being a second mortgage, and the mortgage to Kay being a third mortgage. The appellant's answer to the bill, which was filed September 16, 1924, set up the mortgage to it to secure a note of D. S. Shine, Jr., for $3,000, dated January 25, 1924, payable to appellant 90 days after date, claimed that there was due on the debt secured by that mortgage $3,000, with interest thereon from April 24, 1924, admitted that the mortgage to it was subordinate to the mortgage to Martha Levy, and prayed that, upon the sale of the mortgaged premises, any surplus remaining after payment of the amount due on the last-mentioned mortgage be applied on the amount due on the mortgage to appellant.

Said Kay's answer to the bill was filed September 26, 1924, set up the mortgage to himself, claimed that that mortgage was prior and superior to any and all liens, except that of the complainant, alleged that the mortgage to appellant was invalid, and prayed that any surplus remaining after payment of the sums due the complainant be applied on the amount due on the mortgage to him. The answer of the mortgagors to the bill was filed November 18, 1924, contained allegations to the effect that appellant received and withheld, for the making of the loan by it, more than 25 per cent. per annum upon the principal sum loaned, and prayed "that this honorable court will enter a decree denying that the defendant Mortgage Securities Company has any right, interest, or claim in and to the property herein sought to be foreclosed, or any of the proceeds thereof, and that the said notes given by this defendant unto Mortgage Securities Company may be ordered canceled by said decree, and that any surplus remaining after the payment of the sums due to the complainant Martha Levy and the defendant W. E. Kay may be paid over to the defendant D. S. Shine, Jr., first deducting the costs and expenses of this suit."

A special master found to the effect that appellant, in making the loan evidenced by the above-mentioned $3,000 note to it, withheld $259.65, the net amount received by the maker of the note being $2,740.35, the sum so withheld including a bonus of $250, which was more than 25 per cent. per annum upon the principal sum loaned, and recommended that the court decree that the appellant, on account of its having charged and accepted as interest more than 25 per cent. per annum on the principal sum loaned, has forfeited the entire sum, both principal and interest. By the decree appealed from the court overruled appellant's exceptions to the master's report, and ordered that any surplus remaining from the proceeds of the sale of the mortgaged property, after payment of costs and expenses and the amount of the debt secured by the mortgage to the complainant, be paid on the mortgage to Kay.

[1] Under a Florida statute, one who willfully and knowingly charges or accepts, for the loan of money, or forbearing to enforce such loan, a sum equal to 25 per centum per annum upon the principal sum loaned, forfeits the entire sum, both principal and interest, and is guilty of a misdemeanor, punishable by fine or imprisonment. General Revised Statutes of Florida, 1920, § 4855; Tucker v. Fouts, 76 So. 130, 73 Fla. 1215, L. R. A. 1917F, 916. In behalf of the appellant it was contended that it should not have been subjected to the statutory consequence of its charging more than 25 per centum per annum on the principal sum loaned, because of the circumstance that the answer of the mortgagors to the foreclosure bill filed by the holder of the first mortgage contained a prayer that the note given by

the borrower to the appellant be ordered canceled.

In the circumstances of the instant case we do not think that the fact that the answer of the mortgagors contained that prayer had the effect of making it erroneous to withhold from the appellant any relief on the usurious loan made by it. The decree appealed from did not order the cancellation of the note or mortgage made to the appellant, and awarded no affirmative relief to the mortgagors. The original actor in the suit was the holder of the first mortgage. In that suit the mortgagors and subsequent incumbrancers were necessary parties. To all intents and purposes the suit became one for the enforcement of the second and third mortgages, as well as the first mortgage; each of the subordinate mortgages being set up by answers and enforcement thereof sought. It was open to the mortgagors to set up a defense to either of those mortgages. The appellant was as much, if not more, of an actor in the suit than were the mortgagors. Vanderveer v. Holcomb, 17 N. J. Eq. 87.

[2, 3] Where a lender, whose usurious loan is by statute made altogether unenforceable, sues thereon in a court of equity, the borrower may set up the usury as a defense, without paying or offering to pay the amount actually borrowed and legal interest thereon, and a recovery will be entirely defeated. If the borrower brings a suit in a court of equity for affirmative relief against such a usurious contract, the equitable remedy sought will be granted only upon condition that he himself does equity by repaying the amount actually advanced, with lawful interest. Pomeroy's Eq. Juris. (4th Ed.) §§ 391, 937.

[4] Though in the circumstances of the instant case both the appellant and the mortgagors be regarded as applicants to a court of equity for affirmative relief, the court was not in error in rendering a decree which sustained the defense of usury set up to the claim asserted by the appellant and awarded no equitable remedy to the mortgagors. The fact that the mortgagors, who were brought into court involuntarily, included in their answer to the bill a prayer that the note given by one of them to the appellant be ordered canceled was not enough to defeat the defense of usury set up to the claim asserted by the appellant. Whether the court properly could have granted to the borrower the equitable remedy of cancellation, without requiring him to repay the amount actually received by him, with legal interest, need

not be determined, as no equitable remedy was awarded to the mortgagors.

[5] The rule that one seeking equitable relief is not entitled to obtain it without doing equity does not go so far as to require that an ungranted request, contained in the answer of a mortgagor, who is a defendant in a foreclosure suit, for the very doubtful benefit of the cancellation of a past-due unenforceable note still in the hands of a mortgagee, be given the effect of defeating a defense set up by the mortgagor to a claim based thereon asserted by the payee in a court of equity.

[6] The evidence showed that all of the amount furnished by the appellant to the borrower was not paid at one time; $1,000 having been paid prior to the execution of the mortgage to the appellant. In behalf of the appellant it was contended that there was no usury in the loan of the $1,000. This contention was properly overruled, as the evidence showed that the borrower's only application to the appellant was for a loan of $3,000; that the appellant agreed to lend that amount; and that the $1,000 was advanced as part of the amount so agreed to be lent; the advancing of the $1,000 being part of the usurious transaction and not a separate transaction.

[7] Based on evidence to the effect that 2 per cent. of the amount of the loan for brokerage services and 1 per cent. of that amount for attorney's fee for legal services in connection with the loan are customary and reasonable charges, it was contended in behalf of the appellant that it was entitled to retain $60 as a brokerage fee and $30 as a fee payable to an attorney for legal services, and that the borrower should be regarded as having received those amounts, in addition to the $2,740.27 he actually received. If the borrower had received $2,830.27, that sum being $90 more than $2,740.27, the difference between the amount he received and $3,000, the principal sum he promised to pay, would be slightly less than 25 per cent. interest for 90 days on $2,830.27. But, if either $30 or $60 is deducted from $2,830.27, the difference between the balance and $3,000 is more than 25 per cent. per annum interest for 90 days on such balance.

No evidence adduced showed that any services of a broker were rendered in connection with the loan. The borrower applied directly to the appellant for a loan of $3,000 and was told that he could get it upon payment of a bonus of $250. The appellant was not entitled to retain $60 for a brokerage fee, as no brokerage service in

connection with the loan was contracted for by the borrower or rendered by any third party. The contention under consideration was properly overruled.

The record shows no reversible error. The decree is affirmed.