**In re PRINCE et al.**

**NEW YORK CREDIT MEN'S ASS'N v. SCHNUR.**

No. 341.

Circuit Court of Appeals, Second Circuit.
May 3, 1937.

Reit & Kaminsky, of New York City (Max. Schnur and Hyman J. Reit, both of New York City, of counsel), for appellant.

Benjamin Siegel, of New York City (Benjamin Siegel and Benjamin Brownstein, both of New York City, of counsel), for appellee New York Credit Men's Ass'n.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUCJSTUS N. HAND, Circuit Judge. ▮ Meyer Prince and George Prince, a copartnership doing business as Paris Maid Dress Company, and also as Prince Dress Company, made agreements with the appellant Max Schnur under which they were to assign to Schnur certain of their accounts for merchandise as · collateral security· for loans thereon, and Schnur was to advance 70 per cent. of the face of the accounts. The agreements provided for payment by the borrowers of a service charge of 3 per cent. upon the net amount advanced by the lender for a period of thirty days. This charge was afterwards reduced to 2½ per cent. The borrowers collected the accounts and the lender had nothing to do with them except to receive the list on making the advances and to check them up with the invoices and to keep track of the collections and returns of merchandise by having an accountant examine the books of the borrowers. Any receipts from the assigned accounts in excess of the amounts required to repay Schnur belonged to the borrowers. The charges for the services were far in advance of the legal rate of interest and varied from 22½ per cent. to 42 per cent. per annum. The arrangement was usurious under the New York law and was so held by the court below. The service charges made were for the benefit of Schnur and not for that of the borrowers. Although, under the terms of the written agreement, the lender might have collected the accounts, he did not do so and the services rendered by the auditor and others of his staff were in watching the collateral and otherwise safeguarding his loan. In that respect the services differed from those for which compensation has been allowed by courts to lenders such as for examination of title preliminary to making loans, for actually collecting pledged accounts and for work of attorneys in enforcing collections under agreements. Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236; In re Gotham Can Co. (C. C.A.) 48 F.(2d) 540, 542. In the case at bar the service charge was continuous from the time when the loan was made and was in fact a charge by the lender only "for a service he renders to himself." Commercial Security Co. v. Holcombe, 262 F. 657, 662 (C.C.A. 5). Agreements to pay more than the legal rate of interest, though in form for services rendered, have been treated as usurious under circumstances such as we find here. Home Bond Co. v. McChesney, 239 U.S. 568, 36 S.Ct. 170, 60 L.Ed. 444; Commercial Security Co. v. Holcombe, 262 F. 657 (C.C.A.5); Grannis v. Stevens, 216 N.Y. 583, 111 N.E. 263; Quackenbos v. Sayer, 62 N.Y. 344. Such cases as Houghton v. Burden, 228 U.S. 161, 33 S.Ct. 491, 57 L.Ed. 780, and In re Mesibovsky (C.C.A.) 200 F. 562, where actual services were performed by the lender at an agreed rate of compensation in excess of legal interest are distinguishable. The court in Home Bond Co. v. McChesney, 239 U.S. 568, 36 S.Ct. 170, 60 L.Ed. 444, distinguished Houghton v. Burden, 228 U. S. 161, 33 S.Ct. 491, 57 L. Ed. 780, on the ground that the services there were not a cover for usury.

▮ The contention of the appellant that the transaction was a sale and not a loan is palpably without foundation. The agreement was: "To make advances to the Customer from time to time, provided the Customer shall assign and deliver to the Company as collateral security for such advances, accounts receivable for goods actually sold and delivered by the Customer, or for work, labor and services actually performed and/or materials actually furnished by the Customer, or notes, or trade acceptances received in settlement thereof, which accounts, or notes, or trade acceptances shall be approved by and be acceptable to the Company, and which will hereinafter be designated as 'Accounts'. Each advance to be seventy (70%) per cent. or less, of the net face value of the accounts assigned."

The assignments plainly were not sales but loans under arrangements made in order to obtain an excess rate of interest for

the use of money in evasion of the usury law.

The question before us is the effect to be given to collections of the pledged accounts under the following circumstances: A petition in bankruptcy was filed against Meyer Prince and George Prince, and the appellant, New York Credit Men's Association, was appointed receiver on November 6, 1935, and afterwards was elected and qualified as trustee. The receiver collected $2,729.19 on the assigned accounts and turned this sum over to Schnur under a stipulation whereby it was provided that the receiver should turn over to Schnur all moneys collected on the accounts, and that the delivery of such moneys should be "without prejudice to the rights of said * * * Receiver and/or Trustee in bankruptcy." The fact that the accounts receivable were assigned upon a non-notification basis and that at the time of the filing of the petition in bankruptcy they were being collected by the bankrupts gave the bankruptcy court jurisdiction to determine the validity of all claims or liens thereto under the doctrine that the accounts were in custodia legis.

A situation similar to that before us here was discussed by Swan, J., in Matter of Borok (C.C.A.) 50 F.(2d) 75, 77, where he remarked that: "One cannot speak of 'possession' of a chose in action in the same sense as of tangibles; but if such terminology is to be used it would seem that the bankrupt was as much in 'possession' of the assigned accounts as he could be of any chose in action. He had the right to collect from the debtors and to use the proceeds as he saw fit. * * * Under such circumstances we believe that the bankruptcy court has power to determine summarily the respective rights of the trustee and the assignee in respect to the assigned accounts outstanding at the date of the petition."

If in the present case the receiver had retained the proceeds of collection and turned them over to the trustee Schnur would have had to sue the latter who could have defended on the ground of usury under the following provisions of the General Business Law of the State of New York (Consol.Laws, c. 20):

"§ 370. *Rate of interest.* The rate of interest upon the loan or forbearance of any money, goods, or things, in action, except as otherwise provided by law, shall be six dollars upon one hundred dollars, for one year, and at that rate, for a greater or less sum, or for a longer or shorter time."

"§ 371. *Usury forbidden.* No person or corporation shall, directly or indirectly, take or receive in money, goods or things in action, or in any other way, any greater sum or greater value, for the loan or forbearance of any money, goods or things in action, than is above prescribed."

"§ 373. *Usurious contracts void.* All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, except bottomry and respondentia bonds and contracts, and all deposits of goods or other things whatsoever, whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void.

"Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt, has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled."

We can see no distinction between a situation where the receiver or trustee in bankruptcy or a stakeholder holds the fund and the one here where there was a stipulation that the moneys collected from the accounts by the receiver should be turned over to Schnur, but such transfer should "be deemed to have been and to be without prejudice to the rights of said * * * receiver * * * and/or * * * trustee."

The trustee in bankruptcy filed a petition in the District Court setting forth that the receiver had collected checks amounting to $2,729.19 from the assigned accounts and that the accounts were assigned under usurious agreements. The prayer of the trustee was to have the assignments adjudged void and Schnur directed to turn over the $2,729.19 to the trustee. Schnur answered the petition denying that the agreements were usurious and alleging that the percentages charged represented reasonable charges for services. The referee granted the petition and his action was affirmed by the District Court.

In essence Schnur was a stakeholder whose holding under the stipulation was as agent for the trustee in bankruptcy and both the trustee and Schnur were subject to summary jurisdiction of the bankruptcy court. Lazarus v. Prentice, 234 U.S. 263, 34 S.Ct. 851, 58 L.Ed. 1305; Babbitt v. Dutcher, 216 U.S. 102, 113, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969; In re Joseph R. Marquette, Jr., Inc. (C.C.A.) 254 F. 419. By virtue of the stipulation the accounts collected by the receiver are constructively in the possession of the bankruptcy court. To establish any right to them Schnur would be obliged to take affirmative action in that court. The very object of the stipulation was to leave the parties in the same position as though the moneys had remained in the possession of the trustee and to give Schnur no rights he would not have had in that situation. In such circumstances the trustee need not repay the amount loaned with interest as a condition of recovering the moneys in custodia legis. While he is not a borrower who, by virtue of section 377 of the New York General Business Law, is empowered to recover without tender (Halsey v. Winant, 258 N.Y. 512, 529, 180 N.E. 253), he requires no equitable relief in order to prevail and under the stipulation, is in the position of one defending against a usurious claim. The assignments were void under the New York Statute, and if Schnur had appropriated the $2,729.19 the trustee could have recovered from him as for a conversion. Schroeppel v. Corning, 5 Denio (N.Y.) 236; Ramsdell v. Morgan, 16 Wend. (N.Y.) 574; Boughton v. Bruce, 20 Wend. (N.Y.) 234.

In Muller v. City of Philadelphia, 208 N.Y. 182, 183, 101 N.E. 762, beneficiaries under a will assigned their interest in an estate as collateral security for usurious loans. It was held that they were not obliged to pay their assignees the amounts loaned, as a condition of obtaining their legacies, but could recover their full share of the estate irrespective of the assignments which they had given as security for the loans. Cullen, Ch. J., said that the beneficiaries sought no equitable relief against their assignees but merely demanded that the executors pay to them from the estate. Here the trustee in effect seeks to retain property in the custody of the law against the claim of an assignee under a usurious loan. The decisions of this court In re L'Hommedieu, 146 F.

708, and In re Fishel, 198 F. 464, 468, are in accord with the foregoing ruling in Muller v. City of Philadelphia, as is our recent decision in Connecticut General Life Ins. Co. v. Benedict, 88 F.(2d) 436. See, also, Mortgage Securities Co. v. Levy, 11 F.(2d) 270 (C.C.A. 5), where a similar conclusion was reached in construing a Florida statute of usury; also, Vanderveer v. Holcomb, 17 N.J.Eq. 87, affirmed 17 N.J.Eq. 547.

The petition of the trustee required no equitable relief against the usurious assignment. The prayer that it be adjudged void is for nothing more than what a court does in an action at law when, because of section 373 of the New York General Business Law, it disregards an attempted legal transfer to secure a usurious loan. Merchants Exchange Nat. Bank v. Commercial Warehouse Co., 49 N.Y. 635. An action at law to recover the moneys deposited would have served as well as the summary proceeding in bankruptcy. In any event Schnur, who holds the deposit under the stipulation as a mere stakeholder, cannot obtain the beneficial ownership without affirmative action against which the trustee may set up the defense of usury. Accordingly, the order of the court below was right and the appeal must fail.

Order affirmed.